**E-FILED**
Friday, 09 April, 2010  02:37:14 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| KERRY BROWN, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   09-cv-1222 |
| | ) | |
| D. SMITH, Warden FCI Pekin Illinois, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner Kerry Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Respondent has submitted its Response to the Petition, in which it argues both that Brown has failed to exhaust his administrative remedies and that he has failed to demonstrate a violation of the Constitution or laws of the United States.  (Doc. 7).  Brown has responded to Respondent's Response.  (Doc. 8).  For the reasons stated below, Brown's Petition is dismissed.[1]

---

[1]     The Court notes that Brown has changed his address; he is no longer incarcerated at FCI Pekin, but is now living at a private address in Maplewood, Missouri.  (Doc. 9).  Thus, it appears that he has been released.  "When a prisoner is released from incarceration, any challenge to the validity of his conviction or the length of his sentence becomes moot unless he continues to suffer collateral consequences that may be redressed in a petition for habeas corpus."  Smith v. Bezy, 141 Fed.Appx. 479, 481 (7th Cir. 2005) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998) (disregarding respondent's mootness argument in § 2241 case where petitioner had been released to state custody).

        "A party asserting that a claim is moot bears a 'heavy burden.'"  Id. (quoting Edwards v. Ill. Bd. of Admissions to the Bar, 261 F.3d 723, 728 (7th Cir. 2001)).  Here, Respondent has not made any argument to the Court that Brown's claim is

Brown was sentenced in 1986 to a thirty-year term of imprisonment in the Eastern District of Missouri for robbery of a credit union, transportation of stolen money in interstate commerce, and unlawful use of a firearm during commission of a crime of violence.  Pursuant to mandatory release under 18 U.S.C. § 4164, Brown was conditionally released on April 16, 2004, "as if on parole."[2]  On August 7, 2008, Brown was arrested for violations of his mandatory release; the Parole Commission revoked his mandatory release, and scheduled a discretionary parole after the

---

moot, and therefore the Court "cannot be confident that [the petitioner] has nothing to gain from this [Petition] and, accordingly, proceed to the merits."  Id.

Brown has been conditionally released under discretionary parole, and thus appears to still be "in custody."  Rivera v. U.S., 25 F.3d 1053 (7th Cir. 1994).  On the other hand, the relief that Brown requests, release from incarceration prior to October 6, 2009 to parole or mandatory release, would not now change his "in custody" status - whether Brown gets his way or not, he will still be "in custody" on a conditional form of release until the end of 2015 (180 days before the expiration of his full 30-year term on April 14, 2016).  As neither party addresses the mootness issue, and since Brown's Petition would be dismissed on other grounds anyway, the Court will proceed.

[2]     18 U.S.C. §§ 4161-4166, and 4201-4218 were repealed by the 1984 Sentencing Reform Act.  1984 Sentencing Reform Act, Pub.L. 98-473, 98 Stat. 2027 § 218(a)(4). §§ 4161-4166 is effective to Brown through the entirety of his sentence under § 235(b)(1)(B) of the 1984 Sentencing Reform Act.  §§ 4201-4218 also remain effective for persons such as Brown, who committed offenses before November 1, 1987 under the United States Parole Commission Extension Act of 2008.  United States Parole Commission Extension Act of 2008, Pub. L. 110-312 § 2, Aug. 12, 2008, 122 Stat. 3013.

Two forms of conditional release prior to the execution of the full term of a sentence are contemplated by these statutes: discretionary parole (§§ 4201-4218) and mandatory release "as if released on parole" (§§ 4161-4166).  Parole is granted discretionarily and does not depend on the accumulation of statutory good time credit, while mandatory release occurs automatically when a prisoner has served the entirety of his sentence minus accumulated statutory good time credit.  18 U.S.C. §§ 4163-4164, 4205-4206.  Both are conditional and may be revoked; parole may be revoked during the remainder of the prisoner's full term, while mandatory releasees are "as if on parole" for their full term minus 180 days.  18 U.S.C. §§ 4164, 4209-4210, 4214.

service of fourteen months in custody.  On October 6, 2009, he was released from custody, pursuant to that scheduled discretionary parole.  (Doc. 1 at 1-2; Doc. 7 at 2-4; Doc. 9).

In his Petition, Brown contends that the Bureau of Prisons ("BOP") "mis-applied the statutory provisions of the repealed statutes" by failing "to deduct the SGT from the fourteen (14) month date which would result in petitioner's release following the one-hundred and fourty [*sic*] (140) days [statutory good time] deduction he is entitled to by law."  (Doc. 1 at 2).  He asserts that he was entitled to have ten days per month deducted from the fourteen months' revocation of mandatory release under 28 C.F.R. § 523.2(a), which provides that "An inmate conditionally released from imprisonment [by] mandatory release can earn statutory good time, upon being returned to custody for violation of supervised release, based on the number of days remaining to be served on the sentence."  (Doc. 8 at 2).  Under his calculation, he should have been released from custody 140 days earlier than the October 6, 2009 release date calculated by the BOP.

Though § 2241 does not expressly require exhaustion of administrative remedies, the district courts can require a petitioner to exhaust his administrative remedies.  *Kane v. Zuercher*, 08-1159, 2009 WL 294495, *2 (C.D. Ill. Feb. 6, 2009) (*aff'd by Kane v. Zuercher*, 344 Fed.Appx. 267, 269 (7th Cir. 2009) (*citing McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997)).  The BOP has set out an administrative remedy procedure at 28 C.F.R. §§ 542.10-.19.  This procedure provides first for informal presentation of an issue to

the staff, who "shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13. Next, a formal written Administrative Remedy Request is to be made to the Warden. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director, then, if still not satisfied, to the General Counsel. 28 C.F.R. § 542.15(a). The General Counsel is the final level of administrative review. *Id*. As pointed out by Respondent, Brown filed two Administrative Remedy Requests to the Warden, but did not first attempt informal resolution. 28 C.F.R. §§ 542.13-.14. Because of this, Brown's two Administrative Remedy Requests were rejected. (Doc. 7, App. At 43).

Brown does not argue that he did exhaust his administrative remedies, but instead argues that the Court should waive the exhaustion requirement, as exhaustion would be futile. He claims that his attempts to exhaust the BOP procedures have been "circumvented by respondent's responses to petitioner's attempts to resolve the issue."[3] In addition, he claims that exhaustion would prejudice his court action, that the BOP does not have the authority to grant the relief sought by him, and that the BOP is biased and has predetermined the issue. (Doc. 8 at 1). The Court does have the power to waive the exhaustion requirement where "resort to the administrative remedy may occasion undue prejudice to

---

[3]     There is no indication of how the Warden's responses to Brown's requests for information have "circumvented" his ability to exhaust the administrative remedies. Brown included with his Petition two responses from the Warden in May and June of 2009 to his requests for information about his release date, each of which merely indicated that Brown would be provided with his projected release date - neither shows any attempt to thwart Brown's requests. (Doc. 1, Exs. D & E).

subsequent assertion of a court action," where "an administrative remedy [is] inadequate 'because of some doubt as to whether the agency was empowered to grant effective relief,'" or where "the administrative body is shown to be biased or has otherwise predetermined the issue before it." *McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992) (citations omitted).

First, Brown has not explained how exhaustion would have prejudiced his court action.  The administrative process provided by the BOP, discussed further below, mandates reasonable time frames for disposition by the different levels of administrative review, and there is no indication that, had Brown attempted to utilize the process, he would have met with unreasonable delays that would have prejudiced his underlying claim.  Further, he has not explained why he believes the BOP does not have the authority to properly calculate his sentence.[4]  As the Seventh Circuit has observed, "[u]ntil he asks, we cannot know whether [the BOP] may yet be able to grant some relief." *Kane*, 344 Fed.Appx. at 269 (*citing Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)).  Similarly, until he properly requested that the BOP re-calculate his sentence, it cannot be known whether it would have done so.  Brown seems to believe that because the BOP had a particular method of calculation in mind when it calculated his release date as October 6, 2009, it had predetermined the issue such that appeal would be futile.  If this were all that is

---

[4]      As discussed further below, the BOP does not appear to have the ability to grant what Brown seeks, but this is because what Brown seeks is contrary to the applicable statutes and regulations, not because the BOP lacks a power that this Court has.   This Court cannot ignore the clear import of the statutes and regulations any more than can the BOP, and Brown does not argue that either the statutes or the regulations are invalid or unconstitutional.

required to excuse a failure to exhaust, exhaustion would never be required - an individual by definition does not have a grievance with an administrative agency unless the agency initially disagrees with him, but that initial disagreement cannot be grounds for excusing the exhaustion requirement.

Moreover, even if Brown had exhausted his administrative remedies, it appears that his interpretation of the applicable statutes and regulations is incorrect. In 1986, Brown was sentenced to 30 years' imprisonment, which would have expired in 2016. Brown was originally released in 2004 pursuant to mandatory release under 18 U.S.C. § 4164, which occurs when a prisoner has served his full sentence, minus accumulated statutory good time; the releasee is supervised "as if on parole" and the release is conditional until 180 days prior to the termination of his full term of imprisonment. In 2008, he was found to have violated the terms of his mandatory release, and so his mandatory release was revoked. At the revocation hearing, Brown was granted discretionary parole from his violation of mandatory release term, which entitled him to release on October 6, 2009. Absent that discretionary parole, Brown would have been required to serve his full term, as his conditional 2004 mandatory release had been revoked, but he could have earned enough statutory good time to qualify for a mandatory release date of October 5, 2013.

Brown argues that the fourteen months he spent in custody on the revocation of mandatory release should have allowed him to accumulate 140 days of good time credit, which should have been deducted from the fourteen months in custody. This

is an incorrect interpretation. Brown's mandatory release was revoked in 2008. At that time, he was subject to serving the remainder of his original 30-year sentence, minus accumulated good time, which would have meant, at the earliest, an October 5, 2013 mandatory release. At the revocation hearing, though, he was scheduled for discretionary parole after service of a fourteen-month term. Brown did accumulate good time credit during those fourteen months under 28 C.F.R. § 523.2(a), but because he was released under discretionary parole after only fourteen months, four years before his new mandatory release date, the good time credit did not have the effect of shortening the fourteen-month term - *either* discretionary parole or mandatory release applies, and Brown's discretionary parole took effect before mandatory release would have. In any event, however, Brown should have allowed the BOP to address these questions in the first instance by exhausting his administrative remedies.

IT IS THEREFORE ORDERED that Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED.

CASE TERMINATED.

Entered this 9th day of April, 2010.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge